UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLOTTE M. RICHARDSON**, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:15-cv-0458 (TSC) |
| **DISTRICT OF COLUMBIA DEPARTMENT OF YOUTH REHABILITATION SERVICES**, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Charlotte M. Richardson brings this action against the District of Columbia Department of Youth Rehabilitation Services ("DYRS") alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (2000); age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a); retaliation and hostile work environment in violation of both Title VII, 42 U.S.C. § 2000e-3 (2000), and the ADEA, 29 U.S.C. § 623(d); and violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601. DYRS has filed a motion for summary judgment (ECF No. 22) and, for the reasons set forth below, the court will GRANT the motion.

**A.     BACKGROUND**

Richardson, who was over forty years old at the time of the relevant events, began her employment with DYRS as a Correctional Institutional Administrator with Detained Services in 2004. (Am. Compl. ¶¶ 2, 11, 14; Defs. Ex. A). Richardson claims she was targeted for multiple

transfers to various positions, including positions that "did not exist" or were slated for elimination because of her gender, age and prior protected EEO activity. (Am. Compl. ¶ 11). Prior to the incidents at issue here, Richardson apparently filed an EEO charge against DYRS challenging age and sex-based disparate treatment. (Am. Compl. ¶¶ 8-10). Subsequently, the transfers intensified, along with alleged retaliation and hostile treatment. (Am. Compl. ¶ 13). When she complained about the transfers, her supervisor informed her that the Deputy Director had expressed concerns about Plaintiff's previous EEO complaint against the agency. (*Id.*) On various other occasions she complained about the transfers, but DYRS allegedly ignored her telephone calls and e-mail messages. (*Id.*)

Although the facts and timing are unclear, it appears that sometime around September 2013 DYRS transferred Richardson to an unspecified position and replaced her with Bruce Wright, even though he did not possess a Social Worker's license, which Richardson alleges was a requirement for the position. (Am. Compl. ¶ 12). Richardson alleges the transfer was motivated by gender bias and retaliation. (*Id.*) Although she claims she had no performance issues, DYRS terminated her the following year. (Am. Compl. ¶ 14). It appears she later sought re-employment with DYRS in either the same position or a different position, but the agency refused to rehire her, claiming she was unqualified for the position(s) sought. (Am. Compl. ¶¶ 16, 17). Instead DYRS hired Steve Baynes, even though Richardson contends she was more qualified. (Am. Compl. ¶¶ 16, 17).

Finally, Richardson asserts that she applied for Family Medical Leave, but the agency denied her request. (Am. Compl. ¶ 15).

DYRS seeks summary judgment on all of Richardson's claims. (ECF No. 22).

## B. LEGAL STANDARD

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate where there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "A fact is 'material' if a dispute over it might affect the outcome of a suit under governing law." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (internal citation omitted). In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks omitted).

In employment discrimination cases, "the operative question . . . is whether 'the employee produced sufficient evidence for a reasonable jury to find that the employer intentionally discriminated against the employee on the basis of [protected status].'" *Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 576 (D.C. Cir. 2013) (citation and original alterations omitted). "[W]hen the plaintiff offers direct evidence of discriminatory intent, that evidence will 'generally entitle a plaintiff to a jury trial.'" *Id.* (citation omitted). In the absence of direct evidence, however, discrimination cases are governed by the burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, the plaintiff must first establish, by a preponderance of the evidence, a *prima facie* case of discrimination. *See McDonnell Douglas Corp.*, 411 U.S. at 802. Once the plaintiff establishes a *prima facie*

case, the defendant must produce evidence that the challenged employment actions were taken for a legitimate, non-discriminatory reason. *See Aka v. Washington Hosp. Ctr.,* 156 F.3d 1284, 1288 (D.C. Cir. 1998). If the defendant can do so, "the presumption . . . raised by the prima facie case is rebutted and drops from the case." *Id.* at 1289 (quoting *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507 (1993)) (internal quotation marks omitted). At this juncture, the burden shifts back to the plaintiff to show that a reasonable jury could infer that the proffered legitimate reason was false and that the defendant acted with discriminatory or retaliatory intent. *Id*. In order to meet this burden, the plaintiff must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S at 324 (internal quotation marks omitted).

**C.     ANALYSIS**

    1.     <u>Disparate Treatment and Retaliation Claims</u>

With regard to Richardson's termination claim, DYRS asserts that the agency was required to comply with certain budgetary directives and, in so doing, eliminated her position in a reduction-in-force (RIF), along with twenty-five others identified as duplicative. (*See* ECF No. 22-2, Defs. Exs. B, C, D, E; ECF No. 22-1, Defs. Statement of Facts ¶¶ 2-5) (hereinafter "Defs. SOF"). With respect to Richardson's reassignment/transfer claims, DYRS argues that the claims are not actionable because Richardson suffered no adverse employment action and she cannot show DYRS treated her less favorably than those outside of her protected class.

Richardson responds that there are material facts in dispute as to the "real purpose and extent of" the various transfers and the termination. (Pls. Resp. pp. 1, 3; Am. Compl. ¶ 7). She claims that DYRS Director Neil Stanley reassigned her to lower positions three times between

September 2011 and October 2013, in an effort to make her more susceptible to the RIF, (Pls. Resp. pp. 18, 21-22; *see id*. p. 13), and "many" of those designated for the RIF were over forty. (*See* Pls. Resp. p. 1; *see* Am. Compl. ¶ 7). Richardson further alleges that, as a consequence of one reassignment, she reported to a supervisor who held the same grade as she did, and she complains that one of the reassignments involved placing her in a cubicle, without a door, unlike other employees in her position. (Pls. Resp. pp. 10, 13). Finally, she contends that DYRS did not reassign male employees and employees under age forty to lower graded positions. (Pls. Resp. p. 18).

Richardson claims Stanley was biased against female employees because he allegedly stated that Richardson "look[ed] like a man" and "she dressed manly." (*Id*. p. 2). She also claims two employees told her that Stanley made "humiliating and degrading" comments in their presence about her age, clothing and her "manly" appearance. (*Id*. p. 11). Because of his alleged bias, Stanley allegedly offered rewards to several managers in exchange for promises to terminate Richardson. (*Id*. pp. 3, 11, 19).

With respect to her retaliation claim, Richardson simply points out that the transfers began after she engaged in protected activity.

Richardson's responses to the summary judgment motion are strikingly deficient. While DYRS supported its motion for summary judgment with a Statement of Undisputed Material Facts ("SOF") and corresponding documentary evidence (*see* ECF No. 22), Richardson's attorney failed to respond to the SOF. Moreover, her attorney did not attach a single document as evidentiary support for Richardson's factual allegations. Indeed, DYRS pointed out these deficiencies in its reply brief (Defs. Reply p. 1 n.1), but Richardson's attorney never sought leave to supplement the response.

As such, Richardson did not meet her Rule 56 obligation to "go beyond the pleadings" and provide affidavits, depositions, answers to interrogatories or admissions on file in support of her position that there are genuinely disputed issues of material fact. *See* Fed. R. Civ. P. 56(c) – (e); *Celotex Corp.*, 477 U.S at 324 (internal quotation marks omitted). Likewise, Richardson failed to comply with Local Rule 7(h)(1), which requires that the non-movant: (1) respond with "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated"; and (2) "include references to the parts of the record relied on to support the statement." Thus, pursuant to both Federal Rule 56 and Local Rule 7(h), this court may consider DYRS's facts "undisputed for purposes of the summary judgment motion." Fed. R. Civ. P. 56(e)(2); LCvR 7(h)(1) ("[T]he Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.").

Assuming the DYRS facts as admitted, the agency terminated Richardson and twenty-five other employees as a result of a RIF because their positions were redundant. Moreover, her reassignments did not constitute adverse employment actions because they did not involve "materially adverse consequences," such as a change in grade or salary. (*See* Defs. SOF ¶ 2); *Holcomb v. Powell,* 433 F.3d 889, 902 (D.C. Cir. 2006) ("Although 'purely subjective injuries,' such as dissatisfaction with a reassignment, public humiliation, or loss of reputation, are not adverse actions, the threshold is met when an employee 'experiences materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm.'") (citation omitted). In the face of these undisputed facts, Richardson's unsupported allegations are insufficient to meet her burden of coming forward with evidence that DYRS was motived by

discriminatory or retaliatory intent. *See Benn v. Unisys Corp.*, 176 F.R.D. 2, 5 (D.D.C. 1997) (granting summary judgment for defendant where plaintiff "produced literally absolutely no evidence—only allegations—in support of his opposition to the summary judgment motion."); *Hajjar-Nejad v. George Washington Univ.*, 37 F. Supp. 3d 90, 128 (D.D.C. 2014) ("A Plaintiff is not entitled to rely on the allegations in h[er] Complaint to create a genuine issue of material fact at the summary judgment stage."). Therefore, DYRS is entitled to summary judgment on Richardson's disparate treatment and retaliation claims associated with her transfers/ reassignments and termination. *See* Fed. R. Civ. P. 56 ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment is a matter of law.").

    2.    <u>Hostile Work Environment Claims.</u>

A plaintiff may prevail on a hostile work environment claim if she shows "that [her] employer subjected [her] to discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (internal quotation marks and citations omitted). When determining whether the employer created a hostile work environment, the court must consider "the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, its offensiveness, and whether it interferes with an employee's work performance." *Id*. (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998)).

In her brief, Richardson relies on the following as evidence that she experienced a hostile work environment:

- DYRS transferred or reassigned her three times, some of which allegedly involved demotions and at least one where she became subordinate to an employee of her same grade;

- Stanley ordered employees to engage in acts of insubordination by refusing to take directions from Richardson as their supervisor;

- She lacked staff support;

- DYRS relocated her to a cubicle; and

- DYRS terminated her.

(Pls. Resp. p. 19-20).

Assuming for purposes of argument that these allegations are sufficient to establish a hostile work environment claim, Richardson again falls short because she did not attach evidentiary exhibits to her summary judgment response and there is nothing in the record that supports her claims. *See Benn*, 176 F.R.D. at 5 ("The Supreme Court pointed out that the non-moving party need not produce evidence in a form that would be admissible at trial, but that he may not rely on "mere pleadings" to place facts in dispute.") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)) (alterations omitted).

3. FMLA

Finally, DYRS seeks summary judgment on Richardson's FMLA claim, pointing out that she admitted in her deposition that DYRS never denied her the opportunity to take FMLA leave. (Defs. Ex. F, Pls. Dep. p. 58). Richardson's response is difficult to untangle. She first alleges that DYRS discriminated against her after she complained about a delay in processing her FMLA leave "requests," but she does not explain the nature of the alleged discrimination. (Pls. Resp. p. 4). Richardson next alleges that her FMLA leave "requests were not approved until February 8, 2012." (*Id*. p. 8). However, she then alleges that DYRS approved an FMLA leave request in April 2012, after she complained about an earlier delay in processing the request. (*Id*.) She also

appears to have submitted an FMLA leave request several months later in August 2012, but was advised the following May that the agency had not received the August request. (*Id*.) Finally, Richardson contends—without elaboration—that the "substantial delay" in approval of her leave requests "severely impacted the medical care" that she was able to provide for her mother. (*See id*.)

Richardson's' allegations are insufficient to carry her burden at the summary judgment stage. She does not make clear when she requested leave, the precise nature or timing of the responses to her requests, or what events transpired between the requests. Moreover, Richardson testified during her deposition that DYRS never prevented her from taking leave to care for herself or her mother. (Defs. Ex. F, Pls. Dep. p. 58). Accordingly, she has not set forth sufficient facts to establish that DYRS violated the FMLA.

C. CONCLUSION

For the reasons set forth above, the court will grant summary judgment to DYRS and dismiss this action.

Date: September 22, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge